IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL E. STEFFENHAGEN,       )
                            )
            Plaintiff,      )
                            )
v.                          )   CASE NO. 07-1070 - JTM
                            )
                            )
CITY OF AUGUSTA, KAN.,      )
                            )
            Defendant.      )
_____)

## COMPLAINT

COMES NOW plaintiff, Paul E. Steffenhagen, and for his causes of action, alleges and states:

### I. PARTIES

1. Plaintiff Paul E. Steffenhagen is a citizen of the United States and a resident of Butler County, Kansas.

2. Defendant City of Augusta, Kansas, is an incorporated municipality with home rule power under the Constitution of the state of Kansas. The City of Augusta may be served with legal process through Ms. Erica Jones, City Clerk, City of Augusta, P.O. Box 489, Augusta, Kansas 67010.

### II. JURISDICTION

3. This is an employment case arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.* ("KAAD"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

1

("FMLA"), and under Kansas common law. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff has fully exhausted his administrative remedies under the ADA and KAAD and has received a right-to-sue letter from the EEOC.

5. The unlawful practices and actions alleged below were committed within the state of Kansas, and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

## III. FACTS

6. From June 17, 2002 until July 12, 2006, Paul Steffenhagen was employed as an operator at the City of Augusta Municipal Electric Power Generating Station. At all times material hereto, Steffenhagen's supervisor was Jim Sutton, Power Plant Superintendent.

7. In August 2005, Steffenhagen suffered an on-the-job injury to his shoulder and back while working. Although he missed no work due to the injury, he received medical treatment and was placed on medical work restrictions until September 2005.

8. Continuously since August 2005, and until Steffenhagen's discharge from employment, and in response to said injury, Jim Sutton repeatedly called Steffenhagen derogatory and sexually offensive names in the workplace and in front of other employees.

9. In October 2005, Steffenhagen complained to a member of management about the discriminatory treatment he was being subjected to by Sutton.

2

10. In December 2005, Sutton issued Steffenhagen two written reprimands and had Steffenhagen's locker searched by the Augusta Police Department's drug dog.

11. In January 2006, Steffenhagen re-injured his back at work and reported the injury to Sutton. Sutton refused to acknowledge a workers compensation injury and required Steffenhagen to obtain his own medical treatment. Steffenhagen took medical leave from January 27, 2006, until February 2, 2006. When Steffenhagen returned to work, he had medical work restrictions, which restricted his ability to walk and stand and which were initially accommodated by defendant.

12. On April 18, 2006, by and through an attorney, Steffenhagen notified the City of a request for workers compensation benefits.

13. In May 2006, Steffenhagen was assigned to a new shift and required to mow the grass at the facility on a riding lawnmower, which aggravated his back pain. Thereafter, on June 1, 2006, Steffenhagen's physician restricted him from operating vibrating equipment.

14. The next day, on June 2, 2006, the City contended that Steffenhagen was unable to perform essential functions of his job and involuntarily placed him on medical leave under the FMLA, for which he took accrued sick leave. The City gave Steffenhagen FMLA certification paperwork for his physician to complete.

15. On June 9, 2006, Steffenhagen mailed to the City his physician's FMLA certification, which stated that Steffenhagen's medical work restrictions would exist for a period of six months.

16. On or about June 22, 2006, Steffenhagen exhausted his sick leave and requested to come back to work.

17. On June 29, 2006, the City Attorney notified Steffenhagen that he would not be permitted to return to work without a release from his physician identifying his present work restrictions for available employment.

18. When Steffenhagen did not obtain a release to return to work, on July 12, 2006, Steffenhagen was verbally notified of his discharge from employment.

## IV. CAUSES OF ACTION

### 1. FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE ADA AND KAAD

19. Plaintiff incorporates paragraphs 1 through 18 of this complaint.

20. Defendant failed to reasonably accommodate plaintiff's disability.

21. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### 2. DISCRIMINATION IN VIOLATION OF THE ADA AND KAAD

22. Plaintiff incorporates paragraphs 1 through 21 of this complaint.

23. Defendant discriminated against plaintiff because of his disability through a pattern of adverse employment actions up to and including discharging plaintiff from employment.

24. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for

future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### 3. WRONGFUL DISCHARGE IN VIOLATION OF THE ADA AND KAAD

25. Plaintiff incorporates paragraphs 1 through 24 of this complaint.

26. Defendant retaliated against plaintiff for making a complaint to the employer regarding his discriminatory treatment through a pattern of adverse employment actions up to and including discharging plaintiff from employment.

27. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### 4. FMLA INTERFERENCE

28. Plaintiff incorporates paragraphs 1 through 27 of this complaint.

29. Plaintiff worked for Defendant in excess of one year and worked more than 1250 hours in the year prior to commencement of the leave at issue in this lawsuit. Plaintiff was entitled to FMLA leave.

30. Plaintiff properly followed Defendant's procedures relating to notice, requesting and designating FMLA leave.

31.     Defendant involuntarily placed Plaintiff on FMLA leave because of a serious medical condition which Defendant contended prevented Plaintiff from performing his job duties.

32.     Defendant interfered with, restrained, and/or denied Plaintiff's entitlement to rights under the FMLA, to wit, twelve workweeks of leave within the relevant fifty-two week period, by: (1) requiring plaintiff to obtain a return to work certification before the expiration of the period of disability stated by the certifying physician; and (2) discharging Plaintiff from employment before the expiration of the permitted FMLA leave had expired.

33.     Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, liquidated in an equal amount; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

Respectfully submitted,

AYESH LAW OFFICES

By:_____
Ray E. Simmons, #12296
Mark G. Ayesh, #10175
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS  67278-1750
Telephone:  316-682-7381
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

By: _____
Ray E. Simmons, #12296
Mark G. Ayesh, #10175
*Attorneys for Plaintiff*